Kim GATENA, Plaintiff,

v.

COUNTY OF ORANGE, Defendant.

No. 98–417–CIV–ORL–22B.

United States District Court,
M.D. Florida,
Orlando Division.

Oct. 25, 1999.

Steven Gerald Mason, Law Office of Steven G. Mason, Orlando, FL, for plaintiff.

Linda Sue Brehmer Lanosa, Orange County Attorney's Office, Litigation Unit, Orlando, FL, for defendant.

## ORDER

CONWAY, District Judge.

This cause is before the Court for consideration of the parties' pretrial submissions; Ms. Gatena's Motion for Leave to Be Excused from Filing Trial Brief (Doc. 79), filed October 18, 1999; Defendant, Orange County's Motion for Rule 41(b) Dismissal or, Alternatively Rule 16(f) Sanctions and Memorandum of Law (Doc. 80), filed October 18, 1999; and Ms. Gatena's Motion to Accept Trial Brief (Doc. 81), filed October 19, 1999.

On August 5, 1998, Magistrate Judge David A. Baker entered a Case Management and Scheduling Order ("the Scheduling Order") (Doc. 13) in this case which required the parties, *inter alia*, to meet in person on September 17, 1999 [1] to prepare a Final Pretrial Statement due on October 1, 1999. In cases to be tried to the Court, such as this one, the parties also must submit trial briefs with proposed findings of fact and conclusions of law. *See* Scheduling Order at II.H. A party may not forego the filing of a trial brief unless excused for good cause. *Id.*

On September 21, 1999, the Plaintiff filed an unopposed Motion to Extend Time for Filing Pretrial Statement and Motion to Continue Trial Date (Doc. 67) because, "[f]rom a practical standpoint," the parties believe the case will be resolved on summary judgment. *See* Doc. 67 at 1. In its Order denying the motion, the Court reiterated that the "[t]he Final Pretrial Statement shall fully comply with the Local Rules of this Court and the Court's Case Management and Scheduling Order, and shall be filed no later than Friday, October 1, 1999." *See* Doc. 68.

The parties did indeed file a Pretrial Statement (Doc. 70) timely. However, the Plaintiff failed to comply with the Scheduling Or-

---

1. Although the Scheduling Order contains a typographical error as to the date the parties were to meet (stating "September 13 17, 1999"), the parties apparently understood the date to be September 17, 1999.

der's requirements with respect to what the pretrial statement should contain. First, Plaintiff failed to list her exhibits on the form attached to the Scheduling Order as required by § II.D. Second, the Plaintiff improperly reserved "the right" to supplement and amend her witness and exhibit lists. The Scheduling Order clearly provides that "[a]ny exhibits not listed will not be received in evidence except by order of this Court in the furtherance of justice." *Id.* Likewise, part II.E of the Scheduling Order states, in pertinent part: "In the absence of good cause shown, witnesses not listed will not be permitted to testify if objection is made." *Id.* Clearly, the Scheduling Order does not contemplate any "right" on the part of the Plaintiff to amend or supplement the witness and exhibit lists as submitted. Finally, the Plaintiff failed to file a trial brief.

■ On October 18, 1999, over two weeks after Plaintiff's trial brief was due, Plaintiff filed Ms. Gatena's Motion for Leave to Be Excused from Filing Trial Brief (Doc. 79), wherein Plaintiff's counsel made some incredible statements, including:

This attorney can only assume that the court would only want a trial brief if the case is going to trial. Because the case concerns issues of constitutional law (as agreed to by the parties), it is probably reasonable that a trial brief is not necessary. Alternatively, the pretrial statement outlines the parties [sic] respective positions.

Doc. 79 at 1–2.

In response to Plaintiff's failure to follow the Court's orders, the County filed Defendant, Orange County's Motion for Rule 41(b) Dismissal or, Alternatively Rule 16(f) Sanctions and Memorandum of Law (Doc. 80). In it, Defendant's counsel revealed that scheduling conflicts made it difficult for the parties to meet on time. *See* Doc. 80 at 2, Exs. A & B.[2] In addition, Defendant's counsel represents that, when the parties finally did meet, Plaintiff failed to present her exhibits to Defendant at the parties' meeting. *See* Doc.

80 at 3. Once again, the Scheduling Order plainly states that

[p]rior to completing the exhibit list required by this Order and Local Rule 3.07, Counsel **must** present for inspection and copying by opposing counsel or unrepresented parties all exhibits which counsel intends to present at trial. Exhibits not presented to opposing counsel or unrepresented parties at the meeting required by Local Rule 3.06(b) will **not** be received in evidence over objection.

Scheduling Order § II.D (emphasis in original).

On October 19, 1999, Plaintiff filed Ms. Gatena's Motion to Accept Trial Brief (Doc. 81) contemporaneously with Ms. Gatena's Trial Brief (Doc. 82). A few of counsel's contemptuous statements merit repeating:

Counsel previously filed a motion for court authorization to be excused from filing a trial brief which, per Judge Baker's order, essentially consists of proposed findings of fact and conclusions of law.

Candidly speaking, the trial brief (as an addendum to the pretrial statement) was never discussed by the parties at the pretrial statement meeting .... Initially, this attorney never thought that the court wanted an additional paper addressing the legal and factual issues in this case.

\*    \*    \*    \*    \*    \*

This attorney thought that an additional legal paper was adequately addressed by the pretrial statement and was not necessary.

\*    \*    \*    \*    \*    \*

Perhaps the court feels that a trial brief is necessary but no one can persuasively argue that the county does not understand Ms. Gatena's case or that it is prejudiced by the attached proposed findings—which are really nothing more than a regurgitation of the facts and legal issues previously presented to the court. Further, it would be quite astonishing if this case actually

---

**2.** Exhibit A sets forth correspondence reflecting counsel's efforts to meet in person to prepare the pretrial statement. The Court notes that Plaintiff's counsel's letter of September 27, 1999 comes across as quite rude and unprofessional. In addition, the letter reveals Plaintiff's counsel's poor attitude in his attempt to comply with the Scheduling Order.

went to trial. The county does not believe it will and neither does Ms. Gatena or this attorney.

When the scheduling order was first entered, Judge Baker could not have known how this case would track through the system and that ultimately there would be no factual issues in dispute but only legal issues for the court to decide. However, if this attorney's calculation and interpretation is in error, hopefully the error is rectified by the filing of the trial brief.

Doc. 81 at ¶¶ 1,2,4,6–7.

Plaintiff's counsel is indeed in error regarding his "calculation and interpretation" of Judge Baker's and this Court's orders, but the late filing of Plaintiff's trial brief does not rectify the situation as suggested. Neither the Scheduling Order nor this Court's Order of September 28, 1999 contains any ambiguity concerning Plaintiff's duty to file a trial brief. Plaintiff's counsel chose to ignore the orders. As a result, counsel have generated three additional motions for the Court to decide. Plaintiff's counsel's actions have wasted the valuable time of the Court and of opposing counsel.[3] While Plaintiff may consider a trial brief "really nothing more than a regurgitation of the facts and legal issues previously presented to the court," the Court takes a different view, which is why it required counsel to file trial briefs in the first place. Reading between the lines, Plaintiff's counsel seems to suggest that the Court's rules are silly and he need not follow them. As a final note, it is for the Court to decide whether summary judgment is warranted in this case, contrary to Plaintiff's apparent view that this decision rests with the parties.

Based on the foregoing, it is ORDERED as follows:

1. Ms. Gatena's Motion for Leave to Be Excused from Filing Trial Brief (Doc. 79), filed October 18, 1999 is DENIED.

2. The Court RESERVES RULING on Defendant, Orange County's Motion for Rule 41(b) Dismissal or, Alternatively Rule 16(f) Sanctions and Memo-

randum of Law (Doc. 80), filed October 18, 1999.

3. Ms. Gatena's Motion to Accept Trial Brief (Doc. 81), filed October 19, 1999 is GRANTED insofar as the Court will consider the contents of Plaintiff's Trial Brief.

4. Plaintiff is prohibited from introducing any exhibits into evidence at trial.

5. The parties are reminded that, per Judge Baker's Case Management and Scheduling Order, trial in this case is scheduled to begin in the trial term commencing November 1, 1999.

---

**3.** The Court notes that Plaintiff's counsel failed to comply with the Case Management and Scheduling Order in another case recently before the Court. *See James S. Joel v. City of Orlando,* Case No. 98–344–Civ–Orl–22B.